ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| GE CAPITAL COMMERCIAL INC., GENERAL ELECTRIC CAPITAL CORPORATION, AND GE CAPITAL FINANCIAL INC. | § § § § § § |
| Plaintiffs, | § § |
| v. | § Civil Act. No._____ |
| WRIGHT & WRIGHT, INC. AND BBAF ENTERPRISES, INC. | § § § |
| Defendants. | § § |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 27 2009

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

3-09CV0572-L

## COMPLAINT AND APPLICATION FOR
## PRELIMINARY AND PERMANENT INJUNCTION

Plaintiffs GE Capital Commercial Inc., General Electric Capital Corporation and GE Capital Financial Inc. (collectively, "Plaintiffs" or "GECC") file this Complaint and Application for Preliminary and Permanent Injunction to recover proceeds of fraud that were transferred to three Texas bank accounts controlled by Defendants. GECC contemporaneously files an Appendix in Support of its Complaint and Application, including the affidavit of James L. Finnerty, Esq., which is incorporated herein as if set forth in full. GECC would respectfully show the Court as follows:

### SUMMARY OF ACTION

1.      This case involves the fraudulent diversion of approximately $12.5 million from GECC to Defendants Wright & Wright, Inc. and BBAF Enterprises, Inc. ("Defendants"), with the apparent assistance of at least one now-former GECC employee. GECC now seeks the return of approximately $12.5 million fraudulently conveyed to Defendants.

COMPLAINT AND APPLICATION FOR
PRELIMINARY AND PERMANENT INJUNCTION – PAGE 1
WEST\21688114.2

2. At the outset, GECC respectfully requests that the Court preliminarily and permanently restrain Defendants from hiding or depleting the approximately $12.5 million that was fraudulently transferred to Defendants' bank accounts.

3. Plaintiffs are affiliated with the General Electric Company. The GECC businesses at issue in this case finance the acquisition, sales, and leasing of, among other things, golf cars. Defendants allegedly were represented to be distributors of used golf cars. Defendants are privately-held corporations that, based on GECC's current knowledge and belief, do not have any connection to the golf car industry.

4. Between approximately July 3, 2008 and January 21, 2009, a now-former GECC employee helped induce GECC and its predecessor-in-interest, CitiCapital Commercial Corporation ("Citi"),[1] to transfer approximately $12.5 million to at least three bank accounts held in Defendants' names. GECC and Citi transferred the funds in 23 separate transactions based on the belief that the Defendants were providing thousands of golf cars to two dealers with whom Citi and GECC had preexisting business relationships. In fact, these two golf car dealers had no relationship whatsoever with Defendants, who never provided any golf cars to the dealers.

5. GECC seeks the return of its funds, which were transferred to three bank accounts in Texas controlled by Defendants. There is a real and imminent risk that Defendants will hide, transfer or deplete the funds held in those accounts at any moment or immediately upon notice of this action. Accordingly, GECC seeks, among other things, a preliminary and permanent injunction freezing the assets held in Defendants' bank accounts at Sterling Bank, Plains Capital

---

[1] On or about July 31, 2008, GE Capital Financial Inc. acquired the stock of GE Capital Commercial Inc. and then over the course of the next week, merged various subsidiaries including but not limited to CitiCapital Commercial Corporation into GE Capital Commercial Inc. GE Capital Commercial Inc. has acceded to all rights arising in connection with the transfers at issue in this litigation.

Bank and Worthington National Bank to prevent Defendants from hiding, transferring, depleting or absconding with GECC funds.

## PARTIES

6.      GE Capital Commercial Inc. is a Delaware corporation with its principal place of business located in Holliday, Utah.  GE Capital Commercial Inc. is a successor-in-interest to CitiCapital Commercial Corporation with respect to any amounts owed by Defendants as stated herein.

7.      GE Capital Financial Inc. is a Utah Industrial Bank with its principal place of business located in Holliday, Utah.

8.      General Electric Capital Corporation is a Delaware corporation with its principal place of business located in Norwalk, Connecticut.

9.      Based on documents filed with the State of Texas, Defendant Wright & Wright, Inc. is a Texas Corporation that is registered to do business in Texas and can be served with process by delivering the citation and a copy of the complaint for service of process to its registered agent, David L. Wright, Rt. 3, Hwy 78 North, Bonham, Texas 75418.

10.      Based on documents filed with the State of Texas, Defendant BBAF Enterprises ("BBAF") is a Texas Corporation that is registered to do business in Texas and can be served with process by delivering the citation and a copy of the complaint for service of process to its registered agent, Frank Buchanan, 3200 W. Marshall Avenue, Longview, Texas 75604.

## JURISDICTION AND VENUE

11.      This Court has jurisdiction over GE's claims in this case pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties and the amount in controversy in this action is in excess of $75,000, exclusive of interest and costs.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b) because a substantial part of property that is the subject of the action is situated in the Northern District of Texas, a substantial part of the activities, conduct and/or damages occurred in the Northern District of Texas, and Defendants have substantial contacts with this judicial district.

13.     Additionally, General Electric Capital Corporation maintains offices in this judicial district, including offices in Irving, Texas and Bedford, Texas, and Defendants acted in concert with a former GE Capital Corporation employee who engaged in wrongful conduct in this judicial district that led to the claims raised herein.

## FACTS COMMON TO ALL COUNTS

14.     Prior to August 8, 2008, Citi provided inventory financing to golf car dealers that sold new and used golf cars to other dealers or end users, including "Dealer A" and "Dealer B".[2] In connection with financing transactions in the ordinary course of business, Citi would make wire transfers from time to time to the dealers or end users.  On August 8, 2008, GE Capital Commercial Inc. purchased Citi and all of its assets and liabilities and continued the financing arrangement with golf car dealers and end-users, including Dealer A and Dealer B.

15.     Between approximately July 3, 2008 and January 21, 2009, Defendants and at least one now-former General Electric Capital Corporation employee were involved in a scheme to defraud GECC out of millions of dollars.  Defendants and/or the now-former employee(s) prepared or caused to be prepared false transaction documents showing a series of sham sales transactions between Defendants and Dealers A and B that never took place.  Misled into believing that these sham transactions were legitimate deals, GECC transferred the funds to

---

[2]     Information pertaining to Dealer A and Dealer B will be provided to the Court *in camera* if necessary.

Defendants who had purportedly arranged to provide Dealers A and B with thousands of golf cars. Over a six-month period and through at least 23 separate wire transfers for sums ranging from $187,200 to $941,810, GECC provided Defendants with approximately $12.5 million. Specifically, GECC transferred funds into Wright & Wright's bank account at Worthington National Bank; Wright & Wright's bank account at Sterling Bank; and BBAF's bank account at Plains Capital Bank (collectively, the "Defendants' Bank Accounts").

16.     Despite Defendants' deception and the involvement of at least one insider, the scheme was detected, and GECC learned that Defendants did not have any relationship whatsoever with Dealer A or Dealer B.  Upon information and belief, Defendants are not engaged in the golf car industry in any capacity.  Thus, more than $12.5 million was transferred into Defendants' Bank Accounts, and Defendants wrongfully received these funds without having provided any goods or services to Dealer A or Dealer B.

17.     If Defendants are permitted to abscond with GECC's funds, GECC will be irreparably injured, as its legal remedy—a monetary judgment following a full trial—would not be adequate, as Defendants do not appear to be legitimate businesses or to be able to respond in damages.

18.     Defendants are not entitled to the funds, and their continued possession of the funds will irreparably injure GECC.  In addition, there is a real and present danger that Defendants will hide or deplete the funds if their Bank Accounts are not immediately frozen pending proper litigation of this case, causing GECC to suffer irreparable injury.

## COUNT I
## Money Had and Received

19.     GECC realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of the Complaint as if fully set forth herein.

20.     Citi and GECC were fraudulently induced to transfer and did transfer approximately $12.5 million of their own funds into Defendants' Bank Accounts for which Defendants were not entitled.

21.     Upon information and belief, Defendants wrongfully continue to hold GECC's funds in Defendants' Bank Accounts.

22.     The funds belong to GECC in equity and good conscience.

23.     By reason of Defendants' actions, GECC has been, and will continue to be, seriously and irreparably damaged.

24.     GECC has no adequate remedy at law to compensate it for the damage caused by Defendants' actions. Accordingly, GECC seeks temporary and permanent injunctive relief to enjoin Defendants either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any person, persons, officers, agents, servants, employees, attorneys, or legal entity, from gaining or having access to, transferring, moving, depleting, hiding, pledging, spending, using, or secreting assets in Defendants' Bank Accounts or any all other accounts into which funds from these principal accounts flowed.

25.     GECC demands judgment against Defendants for:

        (1) Actual, compensatory, exemplary, and consequential damages in the amount to be determined at trial plus interest;

(2)  Injunctive relief in the form of an order freezing Defendants' Bank Accounts at Worthington National Bank, Sterling Bank and Plains Capital Bank, and all other accounts into which funds from the Defendants' Bank Accounts flowed, and over which the Defendants or persons associated with the Defendants have signatory authority; and

(3)  Any further relief the Court deems just and proper.

## COUNT II
## Constructive Trust

26.  GECC realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of the Complaint as if fully set forth herein.

27.  Defendants wrongfully and fraudulently hold approximately $12.5 million of GE's funds in their Bank Accounts, which in equity and good conscience should be possessed by GE.

28.  Defendants have been and continue to be unjustly enriched by their possession of GE's funds, having bestowed no benefit to GECC or Dealer A or Dealer B, in return for the receipt of GE's funds.

29.  By reason of Defendants' actions, GECC has been, and will continue to be, seriously and irreparably damaged.

30.  GECC has no adequate remedy at law to compensate it for the damage caused by Defendants' actions.  Accordingly, GECC is entitled to a constructive trust over the funds in the Bank Accounts and all other accounts into which funds from these principal accounts flowed.

## COUNT III
## Declaratory Judgment

31.  GECC realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of the Complaint as if fully set forth herein.

32.     The parties have judiciable disputes regarding their respective rights and obligations with respect to the approximately $12.5 million that GECC transferred to Defendants' Bank Accounts. GECC requests that the Court construe and declare the parties' respective rights and obligations pursuant to the Declaratory Judgments Act.

33.     The parties require judicial relief to resolve the dispute regarding their respective legal rights and obligations. Absent declaratory and supplemental relief regarding GECC's rights to the funds, GECC has no adequate remedy at law.

34.     By reason of the foregoing acts and conduct of Defendants, GECC has been, and will continue to be, seriously and irreparably damaged and thus request declaratory relief regarding their rights and Defendants' obligations to return the funds under the law.

35.     GECC has no adequate remedy at law to compensate it for the damage caused by Defendants' actions. Accordingly, GECC is entitled to temporary and permanent injunctive relief freezing the assets in Defendants' Bank Accounts.

36.     GECC seeks an award of attorneys' fees incurred in connection with its request for declaratory relief.

**COUNT IV**
**Texas Theft Liability Act**

37.     GECC realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of the Complaint as if fully set forth herein.

38.     More than $12.5 million of funds belonging to GECC have been wrongfully deposited into Defendants' bank accounts. Defendants have knowingly and intentionally unlawfully appropriated GECC's funds, with the intent to deprive GECC of the funds.

Defendants' conduct has been undertaken without GECC's consent and Defendants have appropriated GECC's funds knowing it was stolen.

39.     Defendants' conduct constitutes theft under Texas Penal Code §31.03. Accordingly, Defendants and are liable to GECC for damages resulting from said theft under TEX. CIV. PRAC. & REM. CODE §134.003(a).   Pursuant to TEX. CIV. PRAC. & REM. CODE §134.005(1) GECC is entitled to recover the amount of actual damages and additional damages awarded by the trier of fact in a sum not to exceed $1,000.

## COUNT V
### Application For Preliminary and Permanent Injunction

40.     GECC realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of the Complaint as if fully set forth herein.

41.     To preserve the status quo and GECC's rights during the pendency of this action, Defendants should be cited to appear and show cause why they should not be temporarily restrained and enjoined, during the pendency of this action, from either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any person, persons, officers, agents, servants, employees, attorneys, or legal entity, from gaining or having access to, transferring, moving, depleting, hiding, pledging, spending, using, or secreting assets in Defendants' Bank Accounts and all other accounts into which funds from Defendants' Bank Accounts flowed and over which the Defendants or persons associated with the Defendants have signatory authority.

42.     GECC was fraudulently induced by Defendants and at least one now-former GECC employee to transfer approximately $12.5 million into Defendants' Bank Accounts. The former employee represented that Defendants would provide golf cars to Dealer A and Dealer B. Due diligence revealed that Defendants were not golf car dealers, that Defendants did not sell

golf cars to either Dealer A or Dealer B, and were not entitled to the approximately $12.5 million they fraudulently obtained from GECC.

43. Defendants' receipt and/or retention of the funds in their Bank Accounts creates irreparable harm and will continue to harm GECC unless enjoined by this Court.

### PRAYER FOR RELIEF

WHEREFORE, GECC respectfully requests that the Court grant the following relief:

(a) A preliminary injunction against Defendants be issued, after notice to Defendants and an evidentiary hearing, restraining Defendants, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any person, persons, officers, agents, servants, employees, attorneys, or legal entity, from gaining or having access to, transferring, moving, depleting, hiding, pledging, spending, using, or secreting assets in Defendants' Bank Accounts at Worthington National Bank, Sterling Bank, and Plains Capital Bank; and all other accounts into which funds from Defendants' Bank Accounts flowed and over which the Defendants or persons associated with the Defendants have signatory authority;

(b) A permanent injunction against Defendants be issued, on final trial of this case,

(1) restraining Defendants, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any person, persons, officers, agents, servants, employees, attorneys, or legal entity, from gaining or having access to, transferring, moving, depleting, hiding, pledging, spending, using, or secreting assets in Defendants' Bank Accounts at Worthington National Bank, Sterling Bank, and Plains Capital Bank, and all other accounts into which funds from these principal accounts flowed and all other accounts into which funds from Defendants' Bank Accounts flowed and over which the Defendants or persons associated with the Defendants have signatory authority; and *including any accounts that have funds from these proceeds in the name of or controlled by Justin Prather,*

*4:15 pm
3/27/09*

(2) compelling Defendants to return the approximately $12.5 million in funds rightfully owned by GE.

(c) A declaratory judgment declaring that GECC is the rightful owner of the approximately $12.5 million in funds held in Defendants' Bank Accounts;

(d) A monetary judgment that awards actual, compensatory, exemplary, and consequential damages, attorneys' fees, pre- and post-judgment interest as allowed by law, and costs; and

(e) Such other and further relief to which GECC may be justly entitled.

Dated: March 27, 2009           Respectfully submitted,

**DLA PIPER LLP (US)**

By: _____
Jeffrey Goldfarb
Texas Bar No. 00793820
David A. Alexander
Texas Bar No. 24045388
1717 Main Street, Suite 4600
Dallas, TX 75201-4629
Phone: 214.743.4500
Fax: 972.813.6278

**ATTORNEYS FOR PLAINTIFFS GE CAPITAL COMMERCIAL INC., GE CAPITAL CORPORATION AND GE CAPITAL FINANCIAL INC.**

ORIGINAL

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**3-09CV0572-L**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| GE Capital Commercial Inc., GE Capital Financial, Inc. | Wright and Wright Inc., BBAF Enterprises Inc. |

| (b) County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant   Grayson, TX |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| DLA Piper LLP (US), 1717 Main Street, Suite 4600, Dallas, TX 75201 | |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**

☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**

☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☒ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**

☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**

☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**

☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**

☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**

☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**

☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**

☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**

☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**

☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**

☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332

Brief description of cause:
Misappropriation of funds

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 12,500,000.00 | CHECK YES only if demanded in complaint: JURY DEMAND:  ☒ Yes  ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 03/27/2009 | |

FOR OFFICE USE ONLY

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|