IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GE CAPITAL COMMERCIAL, INC.,** *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:09-CV-572-L** |
| **WRIGHT & WRIGHT, INC.,** *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Worthington's Motion for Leave to Amend Answer, filed December 20, 2010. For the reasons herein stated, the court **denies** Worthington's Motion for Leave to Amend Answer.

### I. Background

Worthington was added as a defendant in this action on June 26, 2009. According to Worthington, it has conducted "a number of depositions in this matter beginning August 24, 2010, and concluding November 22, 2010." Mot. for Leave to Amend 1. Because of the information revealed during this discovery, Worthington seeks to amend its answer and add the affirmative defenses of fraud and lack of standing, and specifically plead for recovery of its attorney's fees under the applicable statute. *Id.* at 2. Worthington argues that the court should grant it leave to amend because a "court should freely give leave [to amend a pleading] when justice so requires." Mot. for Leave to Amend 2 (quoting Fed. R. Civ. P. 15(a)(2)). This statement correctly reflects the law insofar as it goes; however, Worthington uses the wrong legal standard, as the court has issued two scheduling orders in this action.

**Memorandum Opinion and Order - Page 1**

## II.     Analysis

Before the court can modify a scheduling order and grant leave to amend a pleading under Rule 15(a) of the Federal Rules of Civil Procedure, the movant must first show "good cause" for failure to meet the scheduling order deadline under Rule 16(b). *S & W Enters., L.L.C. v. Southwest Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003) ("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The good cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably be met despite the diligence of the party needing the extension." *S & W Enters.*, 315 F.3d at 535 (citation omitted). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.* at 536. In deciding whether to allow an untimely amendment, a court considers "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (internal quotation marks, brackets, and citations omitted).

Worthington relies solely on Rule 15(a), which is the incorrect rule. At this juncture, Rule 16(b) applies; however, Worthington has not discussed the "good cause" standard under Rule 16. The court, therefore, is unable to determine whether it should amend the current scheduling order to allow Worthington to amend its answer. Accordingly, the motion will be denied.

## III. Conclusion

For the reasons herein stated, Worthington failed to show that good cause exists for the court to amend the current scheduling order and allow it to file an amended answer. Accordingly, the court **denies without prejudice** Worthington's Motion for Leave to Amend Answer.

**It is so ordered** this 4th day of January, 2011.

Sam A. Lindsay
United States District Judge