IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GE CAPITAL COMMERCIAL, INC., et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-572-L |
| | § | |
| WRIGHT & WRIGHT, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the *Order of Reference* filed December 27, 2010, before the Court is *Worthington National Bank's Motion to Exclude Plaintiffs' Expert Witness Catherine Ghiglieri and Brief in Support*, filed December 17, 2010 (doc. 200). Based on the relevant filings, evidence, and applicable law, the motion should be **DENIED**.

## I. BACKGROUND

This action arises out of the alleged conversion of over $12.5 million from Plaintiffs. Plaintiffs initially asserted causes of action against Worthington National Bank ("Worthington") for money had and received, fraudulent transfer, conversion, permanent injunction, and constructive trust.[1] (Doc. 85.) Worthington has asserted good faith as a complete defense to all claims.[2] To negate Worthington's good faith defense, Plaintiffs designated Catherine Ghiglieri as an expert witness. (Mot. App. at 57-58.) She is expected to testify that Worthington failed to meet the applicable standards in opening and monitoring the accounts at issue, in failing to close them when

---

[1] Plaintiffs' conversion claim against Worthington has been dismissed with prejudice, (doc. 171), and they recently filed an unopposed motion to dismiss their claims for money had and received, for a permanent injunction, and for the imposition of a constructive trust, (doc. 209).

[2] Because a detailed account of the specific factual allegations in this case as well as other pertinent facts is provided in the District Court's order on Worthington's motion for summary judgment, those facts will not be repeated here. (doc. 207, pp. 1-4.)

they showed signs of fraud, and in failing to properly supervise and monitor the $2.5 million line of credit for Wright & Wright, Inc., another defendant in this case. (*Id.* at 21.)

Worthington has moved to exclude Ghiglieri's testimony on grounds that it is irrelevant under Fed. R. Evid. 702.

## II.  LEGAL STANDARD

Rule 702 governs the admissibility of expert testimony and provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The requirement that the testimony "assist the trier of fact to understand the evidence or to determine a fact in issue" means that the evidence must be relevant. *Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)). Rule 401 defines relevant evidence as evidence having "any tendency to make any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 590. The party offering the expert testimony must prove by a preponderance of evidence that the proffered testimony is relevant and therefore admissible under Rule 702. *See Mathis.*, 302 F.3d at 459-460.

## III.  ANALYSIS

Relying on *Hawes v. Cent. Tex. Prod. Credit Ass'n*, 503 S.W.2d 234, 235-36 (Tex. 1973) and its progeny, Worthington argues that Ghiglieri's testimony about what it should have known

2

about the allegedly fraudulent schemes is irrelevant to the issue of good faith because in the context of fraudulent conveyances, a determination of good faith requires an examination of whether a transferee makes a transaction without actual knowledge of the fraud and without a secret agreement. (Mot. Br. at 2-6.) Worthington claims that Ghiglieri does not contend that Worthington actually knew about the fraudulent scheme, that it actually knew the transfers in question were not properly payable, or that it was engaged in a secret agreement with the perpetrators of the fraudulent scheme. (*Id.* at 4-6.) Plaintiffs respond by urging adoption of the objective standard of good faith, which requires an examination of what the transferee objectively knew or should have known about the transactions at issue, and not of what the transferee actually knew from a subjective standpoint. (Resp. Br. at 3-6.)

After Plaintiff responded to this motion, the District Court entered an order on Worthington's motion for summary judgment resolving the issue of whether to apply the objective definition of good faith in this case or the standard for good faith outlined in *Hawes* and its progeny. (doc. 207, p. 7-9.) It found Worthington's proposed standard of good faith "incorrect" and *Hawes* "legally and factually inapposite to this case," and concluded "that the objective good faith standard should be used in this case." (*Id.* at 8.) The District Court's adoption of the objective good faith standard is the "law of the case" and requires determination of the relevance of Ghiglieri's testimony under that same standard.[3]

While Worthington does not specifically dispute the relevance of Ghiglieri's testimony under the objective standard of good faith, it contends that Ghiglieri's testimony is irrelevant and prejudicial because she admitted that she had no "knowledge of bad faith on the part of

---

[3] Under the law of the case doctrine, "a court should not reopen issues decided in earlier stages of the same litigation." *Agostini v. Felton*, 521 U.S. 203, 236 (1997) (citing *Messenger v. Anderson*, 225 U.S. 436, 444 (1912).

Worthington", and thereby acknowledged that Worthington acted in good faith. (Mot. Br. at 4; Rep. at 9.) Ghiglieri is not required to have affirmative knowledge of Worthington's bad faith in order to testify about what Worthington should have known based on the facts and circumstances of the case. As long as her testimony makes the existence of good faith in this case more or less probable, the testimony is relevant. As pointed out by Plaintiffs, Ghiglieri's report states that Worthington "failed to comply with regulatory guidance and close the account when it was obvious that fraudulent activities were taking place." (Mot. App. at 44.) It also states that Worthington's investigation of the fraudulent activities in the account was inadequate, and that based on its own money laundering risk list, "it appears that [it] was waiting for the loan to pay off before closing the accounts." (*Id.* at 44-46.) All of this testimony is directly relevant to Worthington's purported good faith in accepting the $2.4 million in allegedly stolen money to satisfy the loan at issue, and is therefore admissible under Fed. R. Evid. 702.[4]

## IV. CONCLUSION

Worthington's motion to exclude Ghiglieri's expert testimony should be **DENIED**.

**SO RECOMMENDED** on this 28th day of February, 2010.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] In its reply brief, Worthington for the first time argues that Ghiglieri's testimony should be excluded because it constitutes an impermissible legal conclusion. (Reply at 9.) Because Worthington deprived Plaintiffs of a meaningful opportunity to respond to that argument, it is not considered. *See Spring Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) (noting practice of declining to consider arguments raised for the first time in a reply brief because nonmovant should be given a fair opportunity to respond to the motion).

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE