**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GE CAPITAL COMMERCIAL INC.,** | § | |
| **GENERAL ELECTRIC CAPITAL** | § | |
| **CORPORATION, and GE CAPITAL** | § | |
| **FINANCIAL INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **vs.** | § | **Civil Action No. 3:09-CV-572-L** |
| | § | |
| **WORTHINGTON NATIONAL BANK,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the order of reference dated February 14, 2013, before the Court for recommendation is *Defendant Worthington National Bank's Objections to Plaintiffs' Untimely Bill of Costs and Motion to Review the Clerk's Improper Taxation of Costs*, filed February 11, 2013 (doc. 347). Based on the relevant filings and applicable law, Defendant's objection to Plaintiffs' bill of costs on the basis of untimeliness should be **OVERRULED,** its objection to Plaintiffs' claim for service of process fees should be **SUSTAINED,** its motion to review the Clerk's taxation of the service of process fees should be **GRANTED,** and the amount of taxable costs should be reduced.

**I.  BACKGROUND**

In 2009, GE Capital Commercial Inc., General Electric Capital Corporation, and GE Capital Financial Inc. (Plaintiffs) sued Wright & Wright, Inc. and BBAF Enterprises, Inc. asserting claims under the Texas Theft Liability Act and requesting injunctive and declaratory relief.  (*See* doc. 1.) Plaintiffs amended their complaint on April 9, 2009, to add various parties as defendants and assert additional claims, including a claim under the Texas Uniform Fraudulent Transfer Act (TUFTA). (doc. 26.)  They amended the complaint for a second time with leave of court on April 9, 2009, and

listed more parties as defendants, including Worthington National Bank (Defendant).  (doc. 85.)  A

jury trial was held between October 25, 2011 and November 3, 2011.  (*See* Mem. P. & Order (doc.

340) at 2.)  By the time of the trial, Worthington remained as the sole defendant.  (*Id.* at 1.)  On

November 3, 2011, the jury rendered its verdict in Plaintiffs' favor on their TUFTA claim.  (*Id.*)  On

June 13, 2012, the Court entered judgment for Plaintiffs, awarding them damages, pre-and post-

judgment interest, and taxable court costs.  (J. (doc. 341).)  On July 11, 2012, Defendant filed a

motion to set aside the judgment and for judgment as a matter of law, or in the alternative, for a new

trial.  (doc. 342.)  On January 24, 2013, the Court issued an Order denying Defendant's post-trial

motion, bringing the litigation "to a close."  (doc. 344.)  In its Order, the Court stated that it would

"*not entertain* any further motions in this case unless the motion relate[d] to a clerical error or

matters pertaining to an appeal."  (*Id.* at 3) (emphasis in original).

Also on January 24, 2013, Plaintiffs filed their bill of costs with the Clerk, requesting a total

of $24,840.25.  (doc. 345.)  The following month, the Clerk taxed the requested $24,840.25 against

Defendant.  (doc. 346.)  On February 12, 2013, Defendant filed its objections to Plaintiffs' bill of

costs and a motion to review the Clerk's taxation of costs.  (doc. 347.)  Plaintiffs filed a response

(doc. 349).  The motion is now ripe for recommendation.

## II. DEFENDANT'S OBJECTIONS & MOTION TO REVIEW

Pursuant to Rule 54 of the Federal Rules of Civil Procedure, a prevailing party in a civil

action is entitled to recover its costs unless otherwise directed by a court or statute.  Fed. R. Civ. P.

54(d)(1).  There is "a strong presumption that the prevailing party will be awarded costs."  *Schwarz*

*v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346,

352 (1981)).  This presumption is rebuttable, however, and the district court retains the discretion

not to award costs. *See United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 539 (5th Cir.

1987). **A.** **Timeliness**

Defendant objects to Plaintiffs' bill of costs as untimely, stating that the bill was filed "nearly

seven months" after the Court rendered its final judgment. (doc. 347 at 1–2.)

Northern District of Texas Local Rule 54.1 requires a bill of costs to be filed with the Clerk

no later than fourteen days after the "final judgment" or a judgment entered as "final under Fed. R.

Civ. P. 54(b)" is filed, unless otherwise provided by statute or order of the presiding judge. *See* N.D.

Tex. R. 54.1; *see also White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 454 n. 17

(1982) (because Rule 54(d) does not impose a specific time limit, "district courts [are] free to adopt

local rules establishing standards for timely filing of requests for costs").

"The finality of a judgment must be determined from the circumstances under which it was

entered." *Live & Let Live, Inc. v. Carlsberg Mobile Home Properties, Ltd.-'73*, 592 F.2d 846, 848

(5th Cir. 1979). While "there is no statute or rule that specifies the essential elements of a final

judgment," the Fifth Circuit has held that "[a] judgment is final when it terminates litigation on the

merits and leaves the court with nothing to do except execute the judgment." *Meadowbriar Home*

*for Children, Inc. v. Gunn*, 81 F.3d 521, 528 (5th Cir. 1996) (citing *Zink v. United States*, 929 F.2d

1015, 1020 (5th Cir. 1991)). Although the Fifth Circuit has not addressed the issue of what

constitutes a final judgment for purposes of seeking costs as allowed by Fed. R. Civ. P. 54(d), the

Court has held in other contexts that a judgment becomes final when the district court rules on post-

trial motions, such as those filed under Fed. R. Civ. P. 59. *See, e.g.*, *Trask v. Metrocall*, 252 F.3d

1355 (5th Cir. 2001) (holding that "a judgment on the merits becomes final for the purposes of

appeal when the district court denies any timely filed motions for judgment notwithstanding the

verdict or for a new trial") (citations omitted); *Melear v. Spears*, 862 F.2d 1177, 1182 (5th Cir. 1989) (in the context of reviewing a district court's denial of a Rule 59 motion, the Court held that the "judgment in this case became final when the district court denied [the appellant's] motions for judgment NOV or a new trial, and his motion to alter or amend the judgment" five months after the judgment was entered); *see also First Interstate Bank of Arizona, N.A. v. Interfund Corp.*, 924 F.2d 588, 593 (5th Cir. 1991) (to same effect); *InterFirst Bank Dallas, N.A. v. F.D.I.C.*, 808 F.2d 1105, 1108 (5th Cir. 1987) (holding that for purposes of Rule 58, an order granting a motion to alter the judgment under Rule 59 constituted a final order because it disposed of the case).

As other courts have explained, "once a timely new-trial motion is filed, the finality of the underlying judgment is effectively 'suspended' until the resolution of that motion by the trial court." *Coleman v. Roadway Express*, 158 F. Supp. 2d 1304, 1308 (M.D. Ala. 2001) (citing *Pate v. Seaboard R.R., Inc.*, 819 F.2d 1074, 1085 (11th Cir. 1987) and *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir. 2010)); *Steinberg v. Indem. Ins. Co. of N. Am.*, 36 F.R.D. 253, 256 (E.D. La. 1964) ("A party who has secured a judgment is entitled to know within a definite period of time whether his opponent is attacking the judgment by a motion for a new trial *which suspends the finality of the judgment* ....") (emphasis added).

Here, the Court entered judgment on the verdict in Plaintiffs' favor on June 13, 2012. (doc. 341.)  Defendant's post-trial motion suspended the finality of the judgment.  *See Steinberg*, 36 F.R.D. at 256.  The Court's Order denying Defendant's motion brought finality to the judgment and left the Court with nothing to do except execute the judgment.  *See Meadowbriar*, 81 F.3d at 528; *Interfund Corp.*, 924 F.2d at 593.  Accordingly, Plaintiffs' bill of costs, which was filed the same day the Court entered its Order denying Defendant's motion, was timely.  Defendant's objection to

for untimeliness should be overruled.

**B.**     **Service of Process Fees**

Defendant also objects to Plaintiffs' claim for service of process fees of $1,802.00, arguing that these fees not allowed under 28 U.S.C. § 1920.  (doc. 347 at 2.)

A district court may tax as costs those expenses listed in 28 U.S.C. § 1920.[1]  Unless otherwise provided by "statutory or contractual authorization ..., federal courts are bound by the limitations set out in ... § 1920."  *Gaddis v. United States*, 381 F.3d 444, 450 (5th Cir. 2004) (quoting *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).  In the Fifth Circuit, "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920."  *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (per curiam) (citing to *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 257 (5th Cir. 1997)).  At least one court in this Circuit "has a routine practice of awarding costs for private process servers, but limiting the amount to the fee charged by the Marshal."  *See Lear Siegler Servs. v. Ensil Int'l Corp.*, No. SA-05-CV-679-XR, 2010 WL 2595185, at *2 (W.D. Tex. June 23, 2010).  Courts in other circuits have followed a similar approach.  *See Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 975 (S.D. Tex. 2011) (listing cases).

Here, the Clerk taxed $1,802.00 against Defendant for service of summons and subpoenas by private servers.[2]  (doc. 345 at 1.)  Nonetheless, Plaintiffs have failed to show that either exception

---

[1]   The taxable costs are: (1) fees paid to the clerk and marshal; (2) fees paid to the court reporter or stenographer for all or part of the stenographic transcript necessarily obtained for use in the case; (3) witness fees and related expenses; (4) printing costs; (5) fees for exemplification and copies of papers necessarily obtained for use in the case; and (6) fees of court appointed experts, interpreters, and special interpretation services.  28 U.S.C. § 1920.

[2]   In addition to the service of process fees at issue, the Clerk also taxed against Defendant $20,931.80 for printed or electronically recorded transcripts necessarily obtained for use in the case, $40.00 for witness fees, and $2,066.45 for exemplification fees and costs of making copies necessarily obtained for use in the case.  (doc. 345 at 1.)

applies because they have not provided any evidence of "exceptional circumstances" requiring the use of private process servers, or any evidence showing that the U.S. Marshal would have charged the amount in question.[3] *See Baisden*, 793 F. Supp. 2d at 975 (denying the expense for service of subpoenas by private process servers because 28 U.S.C. § 1920 contains no provision allowing for such fees, and because the prevailing party had "not provided any evidence of exceptional circumstances that required the use of private process servers or any evidence of what the United States Marshals Service would have charged for the same service") (citing to *Honestech, Inc. v. Sonic Solutions*, 725 F. Supp. 2d 573, 585 (W.D. Tex. 2010), *aff'd*, 430 F. App'x 359 (5th Cir. 2011)).  Accordingly, Defendant's objection to the $1,802.00 incurred for service of subpoenas should be sustained, its motion to review the Clerk's taxation of this cost should be granted, and the amount of taxable costs should be reduced by this amount.

## III.  RECOMMENDATION

Defendant's objection to Plaintiffs' bill of costs on the basis of untimeliness should be **OVERRULED,** its objection to Plaintiffs' claim for service of process fees should be **SUSTAINED,** and its motion to review the Clerk's taxation of these fees should be **GRANTED,** and the amount of taxable costs should be reduced by $1,802.00, for a total of $23,038.25.

**SO RECOMMENDED this 12th day of August, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3]  Plaintiffs submitted only copies of the invoices reflecting the amounts charged by "Special Delivery Service, Inc." (*See, e.g.*, doc. 345-1 at 6–11.)

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE